## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**HORACE L. BOUNDS, JR., and EDNA JO
BOUNDS**,

               Plaintiffs,

v.                                                  No. CIV 09-580 BB/CG

**SAN LORENZO COMMUNITY DITCH
ASSOCIATION, RAY HAMLETT in his
individual capacity, TIMOTHY DONOVAN
in his individual capacity, NICHOLAS
BRUMMETT in his individual capacity, and
WILLIAM LEE in his individual capacity,**

               Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss, styled as a motion to remand (Doc. 10). After considering the submissions of the parties and the applicable law, the Court will grant the motion in part and deny it in part.

**Background**

Plaintiffs have been involved in on-going legal disputes with the San Lorenzo Community Ditch Association ("SLCDA") as well as several former and current commissioners of the SLCDA. Following one of the latest lawsuits between these parties, Plaintiffs received an assessment for $17,000 from the SLCDA, of which Plaintiffs are members. According to Plaintiffs, this assessment is legally unjustified and was imposed on them in retaliation for their lawsuit against the SLCDA and its former commissioners. As a result of the assessment, Plaintiffs were placed at risk of having their "ditch rights" cut off if the assessment is not paid. Plaintiffs therefore filed this lawsuit, raising the following claims: (1) a claim under 42 U.S.C. § 1983 for violation of their First Amendment rights; (2) a state-law claim for breach of fiduciary duty; and (3) a request for a declaratory

judgment, asking this Court to determine under state law whether the $17,000 assessment is valid, and whether the SLCDA had authority to assess its members in order to pay the attorney's fees of individual commissioners sued in their individual capacity.  Defendants responded with a "Motion for Remand to State District Court" but all parties agree the motion in actuality is a motion to dismiss,[1] as this case was not removed from any state court and therefore may not be remanded to such a court.  *See, e.g., First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467-68 (6th Cir. 2002). The Court will therefore address it as such.

### Standard of Review

In deciding a motion to dismiss, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008).  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  *See id.*  A plaintiff does not have to provide detailed facts but the complaint must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

### Discussion

**§ 1983 Claim:**  Plaintiffs' § 1983 claim is essentially a claim for retaliation – Plaintiffs maintain the $17,000 assessment was imposed upon them because they exercised their right of access to the courts by filing a lawsuit against the SLCDA and others.  In order to state such a claim a plaintiff must adequately allege three things: that the plaintiff was engaged in constitutionally protected activity, that the defendant's actions caused the plaintiff to suffer an injury that would chill

---

[1]Plaintiffs do argue that the motion should be interpreted literally as a motion to remand and summarily denied, but the Court declines to adopt this suggestion.  The Court must address the substance of the motion rather than the erroneous characterization of the relief sought.

2

a person of ordinary firmness from continuing to engage in that activity, and that the defendant's adverse action was substantially motivated by a desire to retaliate against the plaintiff for engaging in the constitutionally protected activity.  *Shero v. City of Grove, Oklahoma*, 510 F.3d 1196, 1203 (10th Cir. 2007).

In their briefs and at the hearing held on this motion, Defendants raised a number of arguments for dismissal of the § 1983 claim.  First, they pointed out that no lawsuit has yet been filed to collect the $17,000 assessment, and Plaintiffs' access to water from the Ditch has not yet been curtailed.  In essence, therefore, Defendants argue they have not yet inflicted an actionable injury upon Plaintiffs.  The Court disagrees.  The $17,000 assessment is outstanding and could at any time become the subject of an action to collect it, or be the basis for shutting off Plaintiffs' access to water.  Accordingly, Plaintiffs have been forced to mount a legal challenge against the assessment.  This concrete threat of official action is sufficient, even if the threat has not yet been carried out, to constitute actual harm supporting Plaintiffs' § 1983 claim.  *See, e.g., Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir .2000) ("Any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom.").

Defendants also contend that Plaintiffs' First Amendment rights have not been violated because they have not been "chilled" from engaging in further conduct protected by that Amendment.  Specifically, they allege that Plaintiffs have continued to file lawsuits against the SLCDA and its commissioners despite the $17,000 assessment.  There are two problems with this argument.  First, the allegation that Plaintiffs have continued to file lawsuits is based on information not contained in the four corners of Plaintiffs' complaint.  As pointed out above, in assessing the validity of this motion to dismiss, the Court is limited to considering the allegations of the complaint and must accept those allegations as true.  If the Court does consider materials other than the allegations of the complaint, the Court is required to convert the motion to dismiss into a motion for

3

summary judgment.  *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005).  In such a circumstance, the Court must provide the parties with notice so that each party has an opportunity to submit evidence concerning the issue.  *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).  The Court is not inclined to convert this motion into a summary-judgment motion at this stage of the proceedings.  Therefore, the Court declines to consider any information Defendants have attempted to submit that is outside the allegations of the complaint.  In addition, even if the Court were to accept Defendants' allegation that Plaintiffs have continued to file lawsuits despite the $17,000 assessment, dismissal of this claim would not be warranted.  The chilling effect of an official action is evaluated on an objective basis rather than a subjective one; in other words, the issue is not whether these particular Plaintiffs have been "chilled" by the assessment, but whether a person of ordinary firmness would be.  *See Eaton v. Meneley*, 379 F.3d 949, 954-55 (10th Cir. 2004).  This objective standard allows a plaintiff who "perseveres despite  governmental interference" to maintain a claim for First Amendment retaliation.  *Id.*  It is obvious to the Court that, whether or not Plaintiffs themselves have or have not been deterred from filing further lawsuits, a person of ordinary firmness who has been subjected to a $17,000 assessment would be reluctant to engage in protected conduct that might lead to even greater financial burdens.

Defendants' next argument is a claim that the $17,000 assessment was not imposed in retaliation for Plaintiffs' exercise of First Amendment rights, but was merely an assessment in the normal course of SLCDA's operations.  To address this assertion, which is directed at the merits of Plaintiffs' claim, the Court would be required to review materials Defendants have submitted that are outside the allegations of the complaint.  Again, the Court is not inclined to convert this motion into a motion for summary judgment at this early stage of the proceedings, and so will not review those materials.  Taking the allegations of the complaint as true, Plaintiffs have adequately alleged that the $17,000 assessment was imposed in retaliation for their protected conduct.

4

Defendants also argue that the § 1983 claim is in reality a state-law claim, because it is based on the assertion that SLCDA had no authority under state law to impose the $17,000 assessment upon Plaintiffs.  This argument is based on Defendants' assumption that the validity of the assessment is necessarily intertwined with the merits of Plaintiffs' § 1983 claim; however, this assumption is not correct.  The legal validity of the assessment is not the central question at issue in the § 1983 claim; the crucial matter to be decided is Defendants' intentions when the assessment was imposed.  In other words, it does not matter whether the assessment can be legally justified; if it was imposed in order to retaliate against Plaintiffs for their lawsuit, Plaintiffs can prevail on their § 1983 claim.  *See, e.g., Perez v. Ellington*, 421 F.3d 1128, 1132 (10th Cir. 2005) (an act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper).  Plaintiffs' federal-law § 1983 claim, therefore, is not simply a state-law claim in disguise, and Defendants' argument to that effect must be rejected.

Defendants' final argument is that the state courts have concurrent jurisdiction to hear § 1983 actions, and this Court should therefore decline to accept jurisdiction over Plaintiffs' § 1983 claim in this case.  This Court, however, has an "unflagging obligation" to exercise its jurisdiction over federal claims, and the Tenth Circuit has held this obligation is "particularly weighty" when the plaintiff is seeking relief under § 1983.  *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1576 (10th Cir. 1995).  Plaintiffs have properly pled a First Amendment retaliation claim under § 1983, and the Court will exercise jurisdiction over that claim.

**State-Law Claims:** In addition to the federal § 1983 claim, Plaintiffs' complaint raises state-law claims attacking the validity of the $17,000 assessment under state law and claiming Defendants have violated the fiduciary duties owed to Plaintiffs.  The Court has discretion to assert jurisdiction over these state-law claims under the supplemental-jurisdiction statute enacted by Congress, 28 U.S.C. § 1367.  The question in this case, however, is whether the Court should exercise that

jurisdiction or should decline to do so.  The significant statutory provision impacting that decision is § 1367(c), which states that a district court may decline to exercise supplemental jurisdiction over a claim if the claim raises novel or complex issues of state law, or the claim substantially predominates over the federal claims contained in the complaint, or the district court has dismissed all claims over which it had original jurisdiction, or other compelling reasons exist in support of declining jurisdiction.  Defendants contend the state-law claims in this case predominate over the § 1983 claim, and that the state-law claims raise issues of particular concern to the State of New Mexico, concerning the operation of irrigation-ditch associations.  Plaintiffs, on the other hand, argue the state-law issues are not complex and ask the Court to retain jurisdiction over them.

The Court finds the state-law claims in this case do raise novel issues of state law that may indeed be complex.  The parties appear to have located only one case concerning the authority of a local ditch association to assess its members for attorney's fees incurred by the association.  That case, however, is extremely dated and (as Plaintiffs have pointed out to Defendants) appears not to be directly on point with respect to the issues raised in this case.  *See State ex rel. Sanchez v. Casados*, 202 P. 987 (1921).  In *Casados*, the New Mexico Supreme Court did hold that a ditch association could assess its members for attorney's fees incurred by two ditch commissioners who had successfully filed suit to obtain books and records belonging to the ditch association.  In this case, on the other hand, the lawsuit underlying the $17,000 assessment resulted in a holding that certain ditch commissioners had not been properly elected, and had wrongfully withheld from Plaintiffs certain books and records belonging to the association.  Despite these holdings, Defendants imposed the $17,000 assessment, which allegedly consisted of attorney's fees incurred by both the SLCDA and the unlawfully-elected commissioners.  The differences between *Casados* and this case are immediately obvious.  It is one thing to require the members of an association to contribute toward a lawsuit that vindicates the interests of the association, and it is quite another to require those members to pay for the attorney's fees of private individuals who attempt,

6

unsuccessfully, both to defend their elections as ditch association commissioners and to defend their refusals to provide books and records of the association to a member of that association.[2]   In the absence of any controlling case law, as well as the absence of any clear directive in the statutes governing ditch associations,[3] the Court finds the state-law claims raised in this case implicate novel questions of state law that most likely are complex in nature.

The Court also notes that the operation of local ditches and ditch associations has great historical, cultural, and economic significance in New Mexico.  These ditches, or acequias, and their governing associations also appear to be virtually unique to New Mexico with respect to the manner in which they function.  *See Pena Blanca P'ship v. San Jose Community Ditch*, 202 P.3d 814, 820 (N.M. App. 2008); *Nelson v. Denver*, 961 P.2d 153, 166 (N.M. 1998).  It is therefore important to allow New Mexico courts to determine the legal constructs under which the associations will operate.  *See Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (significant state issues appropriately resolved by state courts).  For these reasons, the Court will decline to exercise supplemental jurisdiction over the state-law claims raised in Plaintiffs' complaint, and those claims will be dismissed.

---

[2]By pointing out this major difference between the two cases, the Court is emphatically not commenting on the validity of the $17,000 assessment under state law; the Court is simply pointing out that *Casados* does not appear to control the result in this case.  It may be that ditch associations do have the authority to require their members to pay the attorney's fees of individuals who contribute their time and efforts by standing for election as commissioners, even if the election later turns out to be invalid.  It may also be that a ditch association may pay attorney's fees on behalf of a purported commissioner who believes the books and records of the association need not be provided to the individuals requesting those documents, even if that belief is later found to be erroneous.

[3]The parties have directed the Court's attention to only one provision of the New Mexico statutes that concern ditch associations.  This provision states, in pertinent part, that ditch-association commissioners have the power to "make all necessary assessments to provide funds for the payment of ... other legitimate expenses incident to the proper conduct and maintenance of the acequias under their charge..."  NMSA 73-2-21(A)(3).  This extremely general authorization does not come close to resolving the issues raised by the parties in this case.

**Possible Stay of § 1983 Claim:** Defendants have suggested that the Court should stay the litigation of the § 1983 claim while state-court proceedings (should any be filed) are pending. This request is premature. At this point, the state-law claims not yet having been dismissed, there does not appear to be a state-court proceedings addressing those claims. Furthermore, the question of a stay has not been briefed by the parties and the Court will not address Defendants' request at this time.

## ORDER

A memorandum opinion having been entered this date, it is hereby ORDERED that Defendants' motion to "remand" (Doc. 10) will be GRANTED in part and DENIED in part. The Court will retain jurisdiction over Plaintiffs' § 1983 claim, but will decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Those claims, accordingly, are hereby DISMISSED without prejudice.

Dated this 17th day of September, 2009.


_____
BRUCE D. BLACK
United States District Judge