## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HORACE L. BOUNDS, JR., and
EDNA JO BOUNDS,

      Plaintiffs,

v.                                                            No. CIV 09-580 BB/CG

SAN LORENZO COMMUNITY DITCH
ASSOCIATION, RAY HAMLETT in his
individual capacity, TIMOTHY DONOVAN
in his individual capacity, NICHOLAS
BRUMMETT in his individual capacity, and
WILLIAM LEE in his individual capacity,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on *Plaintiffs' Motion to Disqualify Opposing Counsel*, (Doc. 73), *Defendants' Response in Opposition to Plaintiffs' Motion to Disqualify Opposing Counsel*, (Doc. 74), and *Plaintiffs' Reply in Support of their Motion to Disqualify Opposing Counsel*, (Doc. 75). Plaintiffs claim that the Defendants have recently interposed an "advice of counsel" defense in their response to Plaintiff's motion for partial summary judgment, (Doc. 59). By interposing such a defense, Plaintiffs allege that Defendants have created an adversarial relationship with their attorney, Charles Lakins, and that Mr. Lakins must therefore be disqualified. (Doc. 73 at 2). Defendants deny that they have asserted an advice of counsel defense and assert that disqualification is not warranted. (Doc. 74). Having considered the motion, the relevant law, and otherwise being fully advise in the premises, the Court **RECOMMENDS** that the motion be **GRANTED**.

### I.    Background

This case concerns the propriety of certain assessments and reimbursement requests made by the San Lorenzo Community Ditch Association ("SLCDA") against two

SLCDA members, Mr. and Mrs. Bounds. In late 2007 and early 2008, Mr. Bounds and the

individual Defendants sought to be elected as commissioners of the SLCDA. Following the

election, both Mr. Bounds and the Defendants claimed that they had validly been elected

as commissioners of the SLCDA. (Doc. 59 at 1). Mr. Bounds filed suit in New Mexico state

court requesting a declaratory judgment, while the Defendants asserted counterclaims

against Mr. Bounds ("election lawsuit"). (*Id.* at 2). The New Mexico district court found the

election to be invalid in its entirety and that Defendants had wrongfully denied Plaintiffs

access to the SLCDA books. (*Id.*). A new election was held, resulting in the election of the

individual Defendants as commissioners and mayordomo of the SLCDA. (*Id.*). Several

weeks later, Defendants assessed approximately $17,000 against the Plaintiffs. (*Id.*). This

assessment was to reimburse the SLCDA and the individual Defendants for attorneys fees

which the SLCDA and the commissioners had allegedly incurred defending against the

election lawsuit. (*Id.*). Plaintiffs then brought the instant suit, contending that the

assessment was made in retaliation against Plaintiffs for filing the election lawsuit. (*Id.*).

In December of 2010, Plaintiffs moved for partial summary judgment against all

Defendants on their § 1983 First Amendment retaliation claim. (Doc. 59). The partial motion

for summary judgment focuses primarily on evidence which purportedly evinces the

Defendants' retaliatory intent. (*Id.*). Plaintiffs contend that the Defendants lacked any

reasonable basis for assessing the $17,000. (*Id.* at 7). In response to Plaintiffs' motion,

Defendants stated that the decision to "includ[e] attorneys fees in the 2008/2009

assessment was based upon advice of legal counsel and the commissioner's

understanding of their statutory authority." (Doc. 64 at 17). They reiterated that "Plaintiffs

have long been advised that the decision to include the SLCDA's attorneys fees from the

"Election Dispute" lawsuit in the 2008/2009 assessment was based upon advice of SLCDA's counsel and New Mexico case law." (*Id.* at 18).   Defendants Hamlett and Donovan attached affidavits stating that the decision to include the attorneys fees was based upon the advice of legal counsel and their understanding of their authority as established by New Mexico case law and statute. (Doc. 64, Ex. 19 at 2; Ex. 20 at 2). Defendants further attached correspondence wherein Mr. Lakins stated that he advised that attorney fees could validly be included in the assessment. (Doc. 64, Ex. 15 at 3).

By citing to counsel's advice in their response to the partial motion for summary judgment, Plaintiffs claim that Defendants have interposed an "advice of counsel" affirmative defense. (Doc. 73 at 1-2; Doc. 75 at 1-7). Because the imposition of such a defense places that attorney's advice in question, Plaintiffs contend that Mr. Lakins has become a necessary witness in the case and that he must be disqualified. (Doc. 73 at 2, 4-5) (citing N.M.R.A. § 16-307). Plaintiffs further argue that, by relying on Mr. Lakins' advice to defend their actions, Defendants have created a per se adversarial relationship between themselves and Mr. Lakins and that he must be disqualified. (Doc. 73 at 2-4).

Defendants strenuously assert that they have not interposed an advice of counsel defense. (Doc. 74 at 1-5, 7-8). Defendants do not believe that stating they relied on Mr. Lakins' advice in order to disprove retaliatory motive suffices to raise an advice of counsel defense. (*Id.* at 7). Defendants further argue that, even if such a defense had been raised, they have not waived their attorney-client privilege and that Mr. Lakins need not be disqualified. (*Id.* at 12-16).

## II.    Standards of Review

The Tenth Circuit has held that two sources inform a court's decision when considering a motion to disqualify. "First, attorneys are bound by the local rules of the court in which they appear . . . Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *United States v. Stiger*, 251 F. App'x 508, 511 (10th Cir. 2007) (quoting *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994)). This Court's inquiry focuses on the New Mexico Rules of Professional conduct, which are made applicable to parties in the District of New Mexico by D.N.M.LR-Civ.83.9.

Plaintiffs, as the moving party, bear the burden of proving that disqualification is warranted. *Biocore Med. Techs., Inc. v. Khosrwshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998). While the Tenth Circuit has not spoken directly on this issue, the Fifth Circuit Court of Appeals has held that courts must take measures to ensure that unethical conduct does not occur in proceedings before it. *In Re American Airlines*, 972 F.2d 605, 610-11 (5th Cir. 1992); see also *Cole*, 43 F.3d at 1383 (favorably citing American Airlines). These interests must be balanced against a party's right to their counsel of choice. *Id.* at 1316 (citing *Cossette v. County Style Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir. 1981)). If a motion to disqualify raises a colorable doubt regarding the alleged conflict of interest between clients and their attorney, "that doubt is 'resolved in favor of disqualification.'" *Marten v. Yellow Freights System, Inc.*, 1996 WL 568840 at * 2 (D. Kan. 1996, Sep. 5, 1996) (citing *Koch v. Koch Indus.*, 798 F.Supp 1525, 1530 (D. Kan. 1992).

### III.   Analysis

#### a.   Advice of Counsel Defense

The first question presented by Plaintiffs' motion is whether Defendants have actually raised advice of counsel as a defense in this case. Defendants strenuously assert that, notwithstanding their response to Plaintiffs' motion for summary judgment, they have not raised such a defense. (Doc. 74 at 2 ("To be unequivocally clear, Defendants adamantly state that they have not asserted an "advice of counsel" defense in any pleading filed thus far in this matter and do not intend to rely upon, or raise, an 'advice of counsel' defense at trial.")). Defendants first assert that they have not raised such a defense because they are procedurally prohibited from doing so. Defendants claim that an advice of counsel defense may not be raised in response to a motion for summary judgment. (*Id.* at 1, 4) (quoting *Miller v. Colorado Farms*, 2001 WL 629463 at *2 (D. Colo., Jan. 16, 2001)). Defendants are incorrect. The Tenth Circuit has held that a defendant is generally permitted to "raise an affirmative defense for the first time in a post-answer motion if the defense is raised in sufficient time that there is no prejudice to the opposing party merely because of the delay." *See, e.g.*, *Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006). In this case, Plaintiffs disclaim any prejudice caused by Defendants' assertion of the defense. (Doc. 75 at 7).

Defendants further argue that the reference to Mr. Lakins' advice does not suffice to raise an advice of counsel defense and that Mr. Lakins will not be a necessary witness at trial because they have not waived their privilege in maintaining client-attorney confidentiality. (Doc. 74 at 6-8 (citing, *inter alia*, *Rhone-Poulenc Rorer Inc. V. Home Indem. Co.*, 32 F.3d 851, 864-65 (3d Cir. 1994); *Public Service Co. of N.M. v. Lyons*, 129 N.M.

487, 494 (N.M. App. 2000)). Defendants' position that they have not waived their attorney-client privilege is largely based on the *Rhone-Poulenc* case, which established a restrictive test for determining when a party has impliedly waived the privilege and placed attorney-client communications at issue in a case. *Rhone-Poulenc* stands for the proposition that

> [B]y placing [an attorney's] advice at issue, the client has opened to examination facts relating to that advice. Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication.

*Rhone-Poulenc*, 32 F.3d at 863. Defendants believe that by explicitly admitting that they chose to assess the attorney fees based on the advice of counsel, "Defendants did not actually disclose or describe any attorney client communication . . . Defendants have not undertaken any affirmative action that has actually put the protected information at issue by making it relevant to the case . . ." (Doc. 74 at 8). The Court disagrees.

Defendants' assertion that they are not relying on an advice of counsel defense while maintaining that they intend to reference counsel's advice as a means of rebutting Plaintiffs' allegations of retaliation is contradictory. Defendants' stated assertion that they objectively believed that assessing the attorney fees was proper "based on the advice of legal counsel[,]" is precisely the type of disclosure which waives attorney-client confidentiality as contemplated in *Rhone-Poulenc. See Rhone-Poulenc*, 32 F.3d at 863 (noting that, in the context of a patent infringement suit, "where an infringer is alleged to have acted willfully . . . the advice of the infringer's counsel is not placed in issue, and the privilege is not waived, *unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice.*") (emphasis added).

-6-

As Plaintiffs correctly point out that, "[t]o the extent Defendants perceive some difference between attempting to shield themselves from liability by stating that they acted in reliance on the advice of counsel, and asserting an "advice of counsel" defense, the law recognizes no such distinction." (Doc. 75 at 6). A litigant may not allude to confidential legal advice in an attempt to bolster their own position, while claiming that they have not placed that advice at issue in the litigation or waived their privilege in maintaining attorney-client confidentiality. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 (10th Cir. 1998) (noting that waiver of privileged materials may not be used "as both a sword and a shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."). By referencing Mr. Lakins' advice and at the same time asserting that they have not waived any privilege in protecting the substance of that advice, Defendants are trying to use Mr. Lakins' advice as both a sword and a shield. This Defendants may not do. Therefore, the Court finds that Defendants have raised an advice of counsel defense and have waived their attorney-client confidentiality with respect to any advice Mr. Lakins furnished regarding the attorney fee assessment.

### b. Disqualification is Warranted Pursuant to N.M.R.A. § 16-307

Having found that Defendants have raised an advice of counsel defense, the question becomes whether Defendants have made Mr. Lakins a necessary witness at trial. Attorneys generally may not represent a party when the lawyer himself is likely to be a witness at trial. *See,* N.M.R.A. § 16-307. Defendants assert that Mr. Lakins is not a necessary witness because they have not waived their privilege in maintaining attorney-client confidentiality with respect to Mr. Lakins' advice. (Doc. 74 at 9-16). Defendants cite

to *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975), which provides a widely cited test for determining whether a party has impliedly waived the attorney-client privilege by placing an attorney's advice at issue. (Doc. 74 at 14); *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 701 (10th Cir. 1998) (citing approvingly to the *Hearn* test). However, because the Court finds that Defendants have raised an advice of counsel defense, implied waiver is not at issue. Federal case law has established that a party who asserts an advice of counsel defense waives the attorney-client privilege with respect to that specific advice. *See, e.g.*, *In re County of Erie*, 546 F.3d 222, 228 (2nd Cir. 2008) (The assertion of an "advice-of-counsel" defense has been properly described as a "quintessential example" of an implied waiver of the privilege.") (internal citations omitted); *Frontier Refining*, 136 F.3d at 699-700; *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) ("The attorney-client privilege may be waived by a client who asserts reliance on the advice of counsel as an affirmative defense. Under such circumstances, the client has made a conscious decision to inject the advice of counsel as an issue in the litigation.") (citing *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F3d 851, 863 (3d Cir. 1004). Therefore, having waived their attorney-client privilege with regard to Mr. Lakins' advice, the question is whether Mr. Lakins has become a necessary witness.

As stated above, the New Mexico Rules of Professional Conduct prohibit attorneys from acting as an advocate at a trial in which he is likely to be a necessary witness. N.M.R.A. § 16-307. The committee's commentary explains the rationale behind the rule: "A witness is requires to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." *Id.*

While the New Mexico courts have not addressed the issue of disqualification under § 16-307 with any frequency, *Chappell v. Cosgrove*, 121 N.M. 636 (1996), provides some guidance. In *Chappell*, the New Mexico Supreme Court, wary of parties using § 16-307 as a tactical litigation tool to prevent opponent's from obtaining counsel of their choice, established a three part test to guide the disqualification analysis. The Court held that disqualification is not warranted unless the party seeking disqualification can prove that, "the attorney's testimony is material to an issue in the case, that the evidence to be elicited from the attorney's testimony is not available from another source, and that the attorney's testimony is potentially prejudicial to his client's case." *Id.* at 840. Defendants admit that their response has made Mr. Lakins' advice material in this case. (Doc. 74 at 12). However, they contend that Plaintiffs have failed to prove that the testimony is not available from another source - i.e. the individual Defendants themselves and SLCDA documents - or that Mr. Lakins' advice is potentially prejudicial to their case. (*Id.* at 12-13).

Plaintiffs counter that, pursuant to *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994), federal law controls the question of disqualification. Plaintiffs cite to *Miller v. Colorado Farms*, 2001 WL 629463 at *2 (D. Colo., Jan. 16, 2001), which bears a striking resemblance to the facts of this case, for the proposition that an attorney becomes a necessary witness when "his or her testimony is relevant, material, and unobtainable elsewhere." *Id.* at 3. In that case, defendant had filed two counterclaims against Miller alleging slander of title and abuse of process for filing a lawsuit against defendant. *Id* at 1. Miller, in response to a motion for summary judgment, stated that he had recorded a *lis pendens* on defendant's property on the advice of counsel. *Id.* Miller argued, much as Defendants do here, that his counsel need not be disqualified because any testimony relating to his attorney's advice could be obtained from other sources - namely himself. *Id.*

at 3. Miller further argued that any testimony regarding his attorneys' advice would be duplicative. *Id.* The Court rejected Miller's argument, noting that

> This assertion *presumes* that the testimony from Benson [the attorney], in fact, would mirror the testimony from Miller . . .even if the presumption is true, [Defendants are] not required at this stage of the proceedings to merely accept the pronouncement of Miller, or of Benson, that Benson's testimony would duplicate his own.
>
> Second . . .[Defendants are] entitled to test the credibility of Miller's assertions with respect to his claim of advice of counsel, and one way to to do that, possibly the only way, is to depose the attorneys who listened to his recitals, and provided advice in response. The stories of client and counsel may or may not be identical, but either way, [Defendants are] entitled to discover the evidence and testimony which may be available, both from Miller and from counsel. If [Defendant] determines from its discovery efforts that Bensons' testimony, in addition to Miller's out to be heard by the jury, it is entitled to make that determination.

*Id.* at 3. Perhaps most significantly, the court noted that, with the imposition of an advice of counsel defense, Miller's attorney could not avoid being a necessary witness.

> [A]s a practical matter Benson cannot *avoid* being a witness. At any trial of this case, Miller will be asked . . . about his communications with his lawyer, about the advice which the lawyer provided, and about his reliance on that advice. And who was that lawyer? Mr. Benson, who stands before the jury as advocate for Miller. Thus, even if Benson did not testify at the trial, he would appear to the jury as a mute witness with regard to the matters about which Miller will testify. Whether intended or not, Benson would not be able to present this case to a jury without being both witness and advocate to the events which are at the heart of the case.

*Id.* at 4. (emphasis in original).

The Court finds the *Miller* analysis to be persuasive and that Mr. Lakins has become a necessary witness in this case. Allowing Defendants to testify to Mr. Lakins' advice, while at the same time presenting Mr. Lakins as a mere advocate would result in the intermingling of the roles of witness and advocate that § 16-307 was precisely designed to prevent. With Mr. Lakins' advice is now at issue, Plaintiffs must be given the opportunity to discover Mr. Lakins' recollection of his advice to the Defendants, and the manner in which they reacted to his advice. Anything less would permit Defendants to use Mr. Lakins'

advice as both a sword and a shield, a result which runs counter to the overriding notion of fairness which undergirds our adversarial system of justice. The Court finds that Mr. Lakins has become a necessary witness pursuant to § 16-307 and that he must be disqualified. Therefore, the Court need not determine whether disqualification is warranted pursuant to N.M.R.A. § 16-107.

c.   **Least Restrictive Terms of Disqualification**

The Court acknowledges that § 16-307 concerns itself not only with the question of whether an attorney is likely to be a necessary witness, but the degree to which disqualification will impose a hardship on the affected party. N.M.R.A. § 16-307(A)(3) ("A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless . . . disqualification of the lawyer would work substantial hardship on the client."). The Court does not doubt that disqualifying Mr. Lakins will impose a hardship on Defendants. This case is over two years old and Mr. Lakins has been representing the SLCDA and individual Defendants since before this case began. Mr. Lakins also represents the Defendants in the multiple state court proceedings which are currently ongoing. In short, Mr. Lakins has been intimately involved in this case for several years and presumably has a more intimate and detailed knowledge of this dispute than any other prospective attorney. While these concerns do not change the fact that Defendants themselves have placed Mr. Lakins' advice at issue in the trial, thereby making him a necessary witness, the Court must fashion the least restrictive terms of disqualification so as to mitigate the hardship imposed on Defendants. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (noting that, when compelling an attorney to testify regarding communications with a client, "the court must impose a waiver no broader than needed to

ensure the fairness of the proceedings before it.") (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc)).

The Court recommends that Mr. Lakins only be disqualified from representing Defendants at trial and at any evidentiary hearing or contested proceeding in which Mr. Lakins' advice is likely to be at issue. *See, e.g.*, *George v. Wausau Ins. Co.*, 2000 WL 276915 at *2 (E.D. Pa., March 13, 2000) (noting that Pennsylvania's 'necessary witness' rule, which is identical to New Mexico's, "only bars representation at trial. An attorney may continue to represent a client in an action in which he will be called as a witness up to the actual trial in the case.) (citations omitted).

The Court further recommends that Defendants should be allowed to retain another lawyer from the Domenici law firm - where Mr. Lakins is employed - to represent them at trial should they so desire. N.M.R.A. § 16-307(B) provides that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 16-107 or Rule 16-109 of the Rules of Professional Conduct." The Court can discern no compelling reason why Rule 16-107 or 16-109 would prevent another attorney from the Domenici firm from representing Defendants at trial.

Plaintiffs contend that Defendants should not be allowed to hire another attorney from the Domenici firm because the conflict of interest between Defendants and Mr. Lakins is imputable to the whole firm pursuant to N.M.R.A. § 16-110 (Doc. 73 at 4). However, the terms of § 16-307(B) do not mention the imputation rules of § 16-110, and therefore do not provide a basis for disqualifying the Domenici law firm. Inasmuch as Plaintiffs' argument for disqualifying the firm is based on the presumption that  Defendants have created an adversarial relationship between Mr. Lakins and Defendants pursuant to N.M.R.A § 16-107,

the Court is not persuaded. Rule § 16-107(A)(2) states that "[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer.". Without commenting on whether Mr. Lakins does have a personal conflict of interest under § 16-107(A)(2), the Court notes that the imputation rule of § 16-110 does not typically prohibit representation by a lawyer in the same firm where the original conflict is based on a lawyer's personal interest. *See* N.M.R.A. § 16-110(A) (restricting representation where a member of that firm has been prohibited from representing the client "unless the prohibition is based on a personal interest of the prohibited lawyer and does not represent a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm."); *see also*, *Leslie v. Fielden*, 2011 WL 1655969 at *5 (N.D. Okla., May 2, 2011) (noting that a conflict of interest is imputed "to [the] entire firm *unless* the prohibition is based on a personal interest of the prohibited lawyer . . .") (emphasis in original). Because Plaintiffs merely allege a personal conflict of interest between Mr. Lakins and Defendants, the Court sees no reason why N.M.R.A. § 16-110 should prevent another member of the Domenici firm from representing Defendants at trial or at any contested proceeding where Mr. Lakins would be disqualified.

### d.   Effect on Plaintiffs' Motion for Summary Judgment

Defendants contend that, by claiming that Mr. Lakins has become a necessary witness at trial, Plaintiffs have implicitly acknowledged that there are disputed issues of material fact in this case and that Plaintiffs' motion for summary judgment must be denied. (Doc. 74 at 16-18). Because the motion for summary judgment is properly before Chief

United States District Judge Bruce Black, the Court expresses no opinion on Plaintiffs' pending motion for summary judgment.

       **e.**    **Defendants May Withdraw their Advice of Counsel Defense**

As stated above, Defendants have claimed that they will not assert advice of counsel as an affirmative defense. Inasmuch as the Court has found that Defendants' response has raised the defense and that Mr. Lakins must therefore be disqualified, Defendants are still entitled to disclaim any intent to rely upon such a defense. *See Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.*, 243 F.3d 1232, 1253 n.17 (10th Cir. 2001) ("The district court accepted Maryland Casualty's assertion that it was not relying on the advice of counsel . . . We do note that the district court's acceptance of Maryland Casualty's assertion is not without precedential support.") (citing *Oil, Chem. & Atomic Workers Int'l Union v. Sinclair Oil Corp.*, 748 P.2d 283, 290 (Wyo. 1987)). Should Defendants wish to abandon their advice of counsel defense, there would be there are no grounds to disqualify Mr. Lakins. However, if the Defendants wish to abandon the defense, they will be prohibited from entering any evidence at trial which relates to Mr. Lakins' advice regarding the attorney fee assessments. *Marathon*, 243 F.3d at 1253. Because motions to disqualify involve a balancing of interests between the appearance of impropriety and a party's right to counsel of their choice, *see Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir. 1981), the Court finds that Defendants, in all fairness, should be allowed to decide whether to proceed with the advice of counsel defense or withdraw it and keep Mr. Lakins as their attorney through trial.

       **IV.**    **Recommendation**

Based on the foregoing opinion, the Court finds that Defendants have raised an advice of counsel defense and have made Mr. Lakins a necessary witness in this case. The

Court therefore **RECOMMENDS** that *Plaintiffs' Motion to Disqualify Opposing Counsel*, (Doc. 73) be **GRANTED**. The Court **FURTHER RECOMMENDS** that Plaintiffs be permitted to re-open discovery for the limited purpose of deposing Mr. Lakins or submitting interrogatories and requests for admission regarding Mr. Lakins' advice to Defendants.

However, based on Defendants' repeated assertions that they do not wish to rely on an advice of counsel defense, the Court further **RECOMMENDS** that Defendants be given an opportunity to withdraw the defense and avoid the disqualification of Mr. Lakins. Should they do so, Defendants will forfeit their right to reference or testify to Mr. Lakins' advice at trial or at any proceeding in this case. Should Defendants wish to forego the advice of counsel defense, the Court **RECOMMENDS** that Defendants file a pleading with the Court affirmatively stating that they will not rely on or reference Mr. Lakins' advice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE