# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**HORACE L. BOUNDS, JR., and EDNA JO BOUNDS**,

        Plaintiffs,

v.                                                                     No. CIV 09-580 BB/CG

**SAN LORENZO COMMUNITY DITCH ASSOCIATION, RAY HAMLETT in his individual capacity, TIMOTHY DONOVAN in his individual capacity, NICHOLAS BRUMMETT in his individual capacity, and WILLIAM LEE in his individual capacity,**

        Defendants.

## MEMORANDUM OPINION

This matter is before the Court for consideration of two motions, as well as objections to the Magistrate Judge's proposed findings and recommended disposition [Doc. 90] concerning a third motion. The motions include a motion for partial summary judgment filed by Plaintiffs [Doc. 59], a motion for sanctions filed by Defendants [Doc. 65], and a motion by Plaintiffs seeking disqualification of Defendants' counsel [Doc. 73]. After considering the submissions of the parties and the applicable law, the Court will deny all of the motions for the reasons discussed below. This case has already been the subject of several opinions and the parties are well aware of the relevant procedural and substantive history; therefore, no summary of the facts or procedural status of the case is necessary.

        **Motion for Partial Summary Judgment**

Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Medina*

*v. Income Support Div.*, 413 F.3d 1131, 1133 (10th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith*, 475 U.S. 574, 587-88 (1986). To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. K-Mart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). When viewing the evidence, the Court must draw reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587.

Applying the above standards, it is obvious Plaintiffs' motion for partial summary judgment has no merit. Plaintiffs have asked for partial summary judgment as to Defendants' liability on the First Amendment retaliation claim, leaving only the issue of damages to be resolved. While Plaintiffs have certainly presented sufficient circumstantial evidence to allow a fact-finder to decide the case in their favor, that is not the standard to be applied at the summary-judgment stage. Instead, the Court must view the evidence in the light most favorable to Defendants and draw all reasonable inferences from that evidence in favor of Defendants, rather than Plaintiffs. Doing so, it is only necessary to point to one aspect of the evidence in order to refute Plaintiffs' claim of entitlement to summary judgment. Defendants have presented affidavits from two of the three commissioners of the San Lorenzo Community Ditch Association ("SLCDA") who were involved in the two decisions that are relevant to this case – (1) the decision to demand reimbursement of certain expenses incurred by SLCDA while Plaintiffs were commissioner and mayordomo of SLCDA; and (2) the decision to include attorney's fees in the 2008-09 assessments for SLCDA. Plaintiffs contend both of these decisions were retaliatory in nature, intended to punish them for filing the election-dispute lawsuit that preceded this federal-court litigation. However, Defendants' affidavits flatly deny any retaliatory intent and present alternative explanations for the decisions made by the commission. [Doc. 64, Exhs. 19, 20] These affidavits, standing alone, are sufficient at the summary-judgment

2

stage to refute Plaintiffs' claims of retaliatory intent.[1]   This is especially true since the issue of a person's intent is almost always a factual inquiry, and as such is rarely susceptible of resolution by way of summary judgment.  *See, e.g., Ulrich v. City and County of San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002) (in First Amendment retaliation case, question of whether plaintiff's speech was a substantial motivating factor for adverse treatment, as with proof of motive in other contexts, "involves questions of fact that normally should be left for trial").

The Court recognizes the arguments Plaintiffs have made in support of their motion but finds them unconvincing.  Plaintiffs argue that the timing of Defendants' actions indicates their retaliatory intent, that Defendants lacked any objectively reasonable basis for either the attorney's fees assessment or the request for reimbursement of expenses, and that an e-mail sent by Defendants' counsel to Plaintiff's counsel long after the incidents in question somehow proves Defendants' prior retaliatory intent.  Each of these arguments (with the exception of the e-mail, which proves nothing at all relevant to this case), if accepted by a jury, might possibly allow an inference of retaliatory intent.  However, they fall far short of establishing such intent as a matter of law, particularly in the face of Defendants' affidavits.

In addition, even these arguments depend for the most part on facts that are disputed.  For example, Plaintiffs contend the request for reimbursement of expenses lacks a reasonable basis in part because Plaintiffs have already paid those expenses and there is therefore nothing to reimburse. However, there is evidence that the expenses were assessed to the members of SLCDA, and that

---

[1]There is one problem with the affidavits that should be pointed out.  The two Defendants, Mr. Hamlett and Mr. Donovan, purport to speak on behalf of the other Defendants in this case when they state that "[n]o Defendant in this case had any retaliatory intent in assessing Mr. Bounds the amount of his 2008/09 assessment." [Doc. 64, Exhs. 19, 20]  However, it is axiomatic that an affiant can testify only to something about which he has personal knowledge, and neither affiant explains how he knew no other Defendant had any retaliatory intent.  The Court has therefore disregarded these assertions.  However, it is sufficient for summary-judgment purposes that two of the three commissioners involved in the decisions – meaning a majority of the commission – denied any retaliatory intent.  Since a majority of the decision-makers have denied having the requisite intent, there is an issue of fact as to whether the decisions were retaliatory in nature or not.

Plaintiffs have "demanded" credit against their SLCDA assessments for the amounts they paid and then assessed the other SLCDA members. [Doc. 64, Exh. 21]  In short, there is an issue of fact about whether Plaintiffs had already received credit against their assessments for the amount in question, and thus had been repaid for that amount.  If that is true, there would have been something for Plaintiffs to reimburse to SLCDA even though they initially paid the expenses out of their own pockets.  This is just one example of a factual dispute that must await resolution at trial.[2]

The Court finds the motion for partial summary judgment wholly without merit, and will deny it.

**Motion for Sanctions**

Defendants, pointing out that the motion for partial summary judgment is meritless, request that sanctions be imposed on Plaintiffs' counsel, under either Rule 11 or 28 U.S.C. § 1927.  The Court does agree that the motion is weak.  However, this case has been over-litigated by both sides, and Defendants themselves have filed motions that had little or no merit.  For example, Defendant Lee filed a motion to dismiss that was dependent on an affidavit attached to the motion, even though the Court had already explained that decisions on a motion to dismiss cannot be based on outside information but must evaluate only the allegations made in the complaint. [Docs. 39, 81]  In

---

[2]The Court must also comment on one issue argued by the parties in their briefs.  Plaintiffs contend the question of whether the $17,000 in assessments for 2008 and 2009 would have a "chilling effect" was conclusively decided by the Court in a prior opinion.  Defendants, on the other hand, maintain the Court's holding was grounded solely in the standard applicable to a motion to dismiss, and that the "chilling effect" issue is still open to proof.  Defendants' argument is correct.  The Court's holding was based only on the allegations in Plaintiffs' complaint, and did not consider any facts outside that pleading.  Even though the chilling effect issue is evaluated on an objective basis that asks how a person of ordinary firmness would react to the challenged action, the person of ordinary firmness must be analytically placed in the same position as the Plaintiffs.  In other words, while an assessment of $17,000, absent any context, would certainly discourage a person of ordinary firmness to at least some extent, such an assessment might not have that effect if, as Defendants claim here, the assessment was actually lower than the assessments for prior years.  Again, that is a factual issue for the jury to resolve.  *Cf. Garcia v. City of Trenton,* 348 F.3d 726, 728-29 (8th Cir. 2003) (reversing judgment as a matter of law, and deciding person-of-ordinary-firmness issue was for jury to determine under facts of that case).

addition, Defendants continue to argue even in their latest briefs that Plaintiffs do not appear to have been chilled in the exercise of their First Amendment rights, because they have continued to engage in litigation, as if that fact is dispositive of the chilling-effect issue. Again, however, as the Court has explained, the chilling-effect question is analyzed on an objective, person-of-ordinary-firmness standard, and whether Plaintiffs themselves have continued to exercise their right of access to the courts is not a defense to their retaliation claim.[3] Where, as here, both sides have engaged in similar litigation activities, the Court has discretion to decline a request for sanctions made by one side. *See Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.*, 933 F.2d 1433, 1438-39 (8th Cir. 1991) (although plaintiff's summary judgment motion was of dubious merit at best, district court did not commit abuse of discretion in denying Rule 11 sanctions where both parties had "engaged in rather sharp practices that produced ill-will and unnecessary expenditures of time and effort by all parties, including the court."). Defendants' request for sanctions will be denied. The Court does, however, instruct counsel for all parties to carefully review their filings to be sure there is a good-faith basis for each pleading. Counsel and the parties obviously have a long and contentious history, both in and out of court, and must be careful not to let that history lead to litigation practices that unnecessarily burden both the parties and this Court. Should such unnecessary burdens be imposed through unwarranted litigation tactics, the Court will not hesitate to impose sanctions in the future.

**Objections to Magistrate Judge's Recommendation**

Plaintiffs moved to disqualify Defendants' counsel because he would be required to be a witness at trial. The presiding Magistrate Judge agreed with Plaintiffs' position, but recommended that Defendants be allowed to withdraw their advice-of-counsel defense and thereby moot the

---

[3]At best, this evidence may be relevant as it may have some bearing on what a person of ordinary firmness would do under the same circumstances. *See Garcia v. City of Trenton, supra*, 348 F.3d at 729 (evidence that Plaintiff herself was chilled might be evidence of what a reasonable person would have done, but was not controlling of chilling-effect question). However, if this limited purpose is the reason Defendants continue to raise the issue of Plaintiffs' continued litigation activities, they have not explained that to the Court.

disqualification issue. [Doc. 90]  In response, Defendants have objected to the Magistrate Judge's proposed resolution, maintaining they have not actually raised an advice-of-counsel defense. [Doc. 91]  Defendants have also filed a notice specifically abandoning reliance on any such defense, and agreeing not to present evidence concerning counsel's advice to Defendants concerning the assessments or the request for reimbursement of expenses. [Doc. 92]  The Court agrees with the Magistrate Judge's recommendation that withdrawal of the defense does away with any need to disqualify counsel.  Therefore, the Court will deny the motion to disqualify as moot.

**Conclusion**

Based on the foregoing discussion, all motions discussed in this opinion will be denied by separate order.

Dated this 14th day of September, 2011.

_____
BRUCE D. BLACK
Chief Judge, United States District Court